Case 5:16-cv-00129 Document 10 Filed in TXSD on 10/25/16 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALESSANDRO F. CERVANTES, § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 5:16-CV-129 |
| § | |
| OCWEN LOAN SERVICING LLC, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

# ORDER

Plaintiff, proceeding *pro se*, filed a Motion to Show Authority, requesting that the Court instruct Defense Counsel to prove their authority to act on behalf of the Defendants and to otherwise remand the case (Dkt. No. 6). In turn, Defendants Ocwen Loan Servicing, LLC, and U.S. Bank National Association assert that the Court has jurisdiction over the action (Dkt. No. 1) and move to dismiss with prejudice (Dkt. No. 7). For the following reasons, Plaintiff's Motion to Show Authority and to Remand (Dkt No. 6) is **DENIED**, Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On October 6, 2014, Plaintiff filed suit against Defendants[1] in state court alleging a myriad of claims in an attempt to avoid foreclosure.[2] Defendants removed the case to the United States District Court for the Southern District of Texas, and on May 11, 2015, Judge Diana Saldaña denied Plaintiff's motion to

---

[1] Youngblood was not a part of the 2014 Complaint.
[2] Civil Case No. 5:14-CV-180, Dkt. No. 1-5.

remand and granted Defendants' motion to dismiss.[3] The Fifth Circuit subsequently affirmed Judge Saldaña's ruling.[4]

Shortly after the Fifth Circuit's affirmance, Plaintiff filed the instant suit against Defendants in state court, once again attempting to avoid foreclosure. (Dkt. No. 1-5). Defendants removed the action (Dkt. No. 1), and now pending before the Court are Plaintiff's Motion to Show Authority and Remand (Dkt. No. 6) and Defendants' Motion to Dismiss (Dkt. No. 7).

## II. PLAINTIFF'S MOTION TO SHOW AUTHORITY

Plaintiff, relying on Texas Rule of Civil Procedure 12,[5] requests that the Court instruct Defense Counsel to submit proof of their authority to act on behalf of each Defendant. This request is meritless and therefore **DENIED**.

First, it is questionable whether Plaintiff may rely on Texas Rule of Civil Procedure 12 to challenge Defense Counsel's authority. *Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (finding that plaintiff's attempt to force defense counsel to prove authority under Texas Rule of Civil Procedure 12 was inapposite as district courts follow the Federal Rules of Civil Procedure). Second, attorneys are presumed to have authority to act on behalf of the party they claim to represent, and the Court does not find any reason to question that presumption here. Indeed, the Court notes that Plaintiff's allegation is conclusory and appears to be frivolous as Plaintiff does not provide any valid reason for challenging the Defense Counsel's authority.

---

[3] Civil Case No. 5:14-CV-180, Dkt. Nos. 11–12.
[4] Civil Case No. 5:14-CV-180, Dkt. Nos. 20–21.
[5] Texas Rule of Civil Procedure 12 provides that when an attorney's authority to act is challenged, "the burden of proof shall be upon the challenged attorney to show sufficient authority."

**III. PLAINTIFF'S MOTION TO REMAND**

A state-court action may be removed to federal court when subject matter jurisdiction exists and the removal is procedurally proper. 28 U.S.C. § 1441. With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases where the amount in controversy exceeds $75,000 and that are between, *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's Motion to Remand does not challenge the amount-in-controversy or diversity-of-citizenship requirements. Instead, as Defendants correctly point out, "[t]he only ground on which Plaintiff claims remand is appropriate is that Defendants' counsel lacked authority to appear for Defendants and remove the case." (Dkt. No. 8 at 3). Although the Court has already disposed of Plaintiff's lack-of-authority argument, the removing party bears the burden of establishing subject matter jurisdiction over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Hence, the Court must now consider if Defendants meet their burden.

Because Plaintiff's state-court Complaint claims that the issues in this case involve a loan of $111,600, which was secured by a deed of trust (Dkt. No. 1-5 at 5), the amount in controversy exceeds $75,000.

Turning to the diversity-of-citizenship requirement, Plaintiff, a Texas citizen, asserts claims against five Defendants: Ocwen Loan Servicing, L.L.C. (Owen);

Barclays Capital Real Estate Inc. (Barclays); New Century Financial Corporation (New Century); U.S. Bank National Association; and Eldon L. Youngblood (Youngblood). (*Id.* at 3). Although Plaintiff's Complaint cited the same Florida address for all Defendants,[6] it stated that Ocwen is a Delaware corporation, Barclays is a California corporation, New Century is a California corporation, and U.S. Bank National Association is a D.C. corporation. For Youngblood, however, Plaintiff did not assert a particular citizenship. (*Id.*).

In their Notice of Removal, Defendants clarify that Ocwen is a U.S. Virgin Islands citizen; that U.S. Bank National Association is a Ohio citizen; that Barclays is no longer in business but was a New Jersey and California citizen; that New Century is no longer in business but was a Maryland citizen; and finally, that Youngblood is a Texas citizen but was improperly joined. (Dkt. No. 1 at 4–5). Since the improper-joinder doctrine "constitutes a narrow exception to the rule of complete diversity," *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005), the question here hinges on whether Youngblood was improperly joined.

**A. Improper Joinder Standard**

When a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).

Improper joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a

---

[6] 5720 Premier Park Dr., West Palm Beach, FL 33407. (Dkt. No. 1-5 at 3).

cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To make the second showing, a defendant must demonstrate that there is no possibility that the plaintiff will recover against the non-diverse defendant under the relevant law. *Id.*

Under this analysis, there are two ways to determine whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary-judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only if the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals facts withheld by the plaintiff relevant to the propriety of joinder. *Id.*

Finally, courts must apply the federal pleading standard in examining the sufficiency of a plaintiff's state-court petition for improper joinder. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).[7] The pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[7] *See also Mastronardi v. Wells Fargo Bank, et al.*, No. 15-11028, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (per curiam) (noting the revised Texas standard under Texas Rule of Civil Procedure 91a now tracks the federal standard).

### B. Improper Joinder Analysis

Plaintiff makes the following allegations against Youngblood:

> 37. Breach and conversion under contract against Trustee: Defendant Eldon L. Youngblood, "The Trustee", owed a duty of care as trustee to Plaintiff under the Deed of Trust agreement dated May 10, 2006. As a direct and proximate result of the Trustee's failure to disclose the true nature of the trust relationship, and failing to inform Plaintiff that upon executing the said Deed of Trust agreement, Plaintiff could make a gift of his property to the trust. Due to this negligence Plaintiff has sustained consequent and proximate injuries for (a) breach of fiduciary duty; (b) conversion of property; (c) personal injury; (d) unjust enrichment; (e) financial loss according to proof; and (f) interference with a business relationship.
>
> 38. Plaintiff further alleges that Trustee has violated the trust that Plaintiff should reasonably expect from that officer. Trustee knowingly withheld information from Plaintiff that was of a vital nature to Plaintiff's wellbeing by failing to disclose that, under the terms of the Deed of Trust as an alleged contract, Plaintiff was being required to gift his property to the Mortgage Company who in turn sold and converted plaintiff's contract into a different instrument and without any corresponding consideration in return. As such, Trustee knowingly participated in deceit; fraud, larceny, and racketeering in an unlawful scheme.
>
> . . .
>
> 59. Defendant [Youngblood] is the Trustee and Plaintiff alleges that he knowingly participated in deceit; fraud, larceny, and racketeering in an unlawful scheme affecting Plaintiff's interests. Plaintiff alleges that Trustee has committed a breach of fiduciary duty and therefore he cannot legally enforce the Deed of Trust.

(Dkt. No. 1-5 at 12–13, 18).

Defendants argue that Plaintiff merely alleged general fraudulent conduct on Youngblood's part but failed to raise any of the required elements of fraud or any other claim. (Dkt. No. 1 at 5). Specifically, Defendants contend that Plaintiff did not meet the heightened pleading standard applicable to fraud claims under Federal Rule of Civil Procedure 9(b). (*Id.* at 6). Moreover, Defendants posit that there is no reasonable possibility that Plaintiff could recover from Youngblood

under Texas law. (*Id.*). To that end, Defendants first state that Youngblood could assert an affirmative defense and seek dismissal for not being a necessary party to the suit because he was named only in his capacity as trustee. (*Id.*). Second, Defendants also argue that Texas law protects a trustee from liability for good-faith reliance on information provided by the mortgagor or mortgagee. (*Id.*). The Court agrees.

Plaintiff's Complaint essentially seeks to assert a fraud and breach-of-fiduciary-duty claim against Youngblood, who is the substitute trustee with respect to the foreclosure proceedings. As it relates to a fraud claim, the Court finds that Plaintiff has not met the standard of Federal Rule of Civil Procedure 9(b). Turning to the remaining claim, "[e]ven if plaintiffs successfully set forth allegations upon which the court may reasonably predict that they might be able to recover against the non-diverse defendants, defendants may show improper joinder by establishing an affirmative defense." *Goradia Family Interests, Ltd. v. Sunoco, Inc.*, No. CV H-16-0736, 2016 WL 4154462, at *4 (S.D. Tex. Aug. 4, 2016) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996)). If the plaintiff has a reasonable possibility of surviving an affirmative defense, however, there is no improper joinder, and the case must be remanded. *Id.*

"Although a trustee under a deed of trust owes neither a fiduciary duty nor a duty of good faith and fair dealing to the mortgagor, the trustee does have a duty to act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." *Kew v. Bank of Am., N.A.*, No. CIV.A. H-11-

2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012) (Rosenthal, J.) (quoting *Marsh v. Wells Fargo Bank, N.A.,* 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011)). "[B]reach of this duty may be stated under Texas law *as a claim for wrongful foreclosure,* which requires that the property in question be sold at a foreclosure sale." *Id.* (internal quotation marks omitted). Therefore, because Plaintiff's property has not been sold, Plaintiff cannot assert a breach-of-fiduciary-duty claim against Youngblood.

Since Defendants have met their burden to establish jurisdiction, Plaintiff's Motion to Remand is **DENIED**.

### IV. DEFENDANTS' MOTION TO DISMISS

Defendants raise two separate grounds for dismissal. First, Defendants argue that Plaintiff's claims are barred by res judicata. Second, Defendants argue that the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to show plausible entitlement to relief. Plaintiff does not dispute each of those grounds, focusing instead on challenging Defense Counsel's authority. The Court need not look beyond the guiding principles of res judicata and the record to find that this case should be dismissed.

#### A. Legal Standard

The Federal Rules require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failing to state a claim upon which relief can be granted under Rule 12(b)(6), the complaint must state enough facts to be "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The

factual allegations must be separated from the legal conclusions in a complaint and then evaluated to determine whether they plausibly entitle the plaintiff to relief under the particular legal claim asserted. *See Ashcroft v. Iqbal*, 556 U.S. 663, 678–79 (2009). Labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement do not suffice. *Id.* at 678.

Res judicata or claim preclusion "bars the litigation of claims that have been or should have been raised in an earlier suit." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, No. 15-30393, 2016 WL 4363181, at *3 (5th Cir. Aug. 15, 2016) (citing *Petro–Hunt L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). Generally, courts sitting in diversity cases apply the preclusion law of the forum state.[8] *Am. Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 272 n.20 (5th Cir. 2005). In Texas, a judgment precludes a later claim if a defendant proves: "(1) there was a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them exists between the two actions, and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 132–33 (5th Cir. 2014) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

---

[8] Unless the state law is incompatible with federal interests, courts apply the preclusion law of the forum state. *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 132 n.2 (5th Cir. 2014). Because the parties did not raise the choice-of-law issue and the Court finds that the result of this case would be the same under Texas or federal preclusion law, it need not decide if Texas law is incompatible with federal interests. *Id.*

### C. Analysis

After reviewing the 2014 suit, which was dismissed by Judge Saldaña,[9] the Court finds that the present suit is barred by res judicata since Plaintiff is essentially attempting to relitigate matters that have been adjudicated.

First, the 2014 judgment was final, on the merits, and issued by a court of competent jurisdiction. In that case, Judge Saldaña granted Defendants' 12(b)(6) motion and dismissed Plaintiff's suit. (Dkt. No. 7-4). While the order did not explicitly state it was dismissing with prejudice, dismissals under Rule 12(b)(6) operate as an adjudication on the merits. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Plaintiff appealed and the Fifth Circuit affirmed the ruling. (Dkt. No. 7-5).

Second, the parties involved in this suit were also in the 2014 suit.[10] "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Amstadt*, 919 S.W.2d at 653. The fact that Youngblood was not a part of the first suit is immaterial because the Court has already determined that he was improperly joined, and the remaining Defendants were indeed a part of the first suit.

Finally, "[r]es judicata also precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit." *Id.* That is, a prior judgment "precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or

---

[9] The Court takes judicial notice of the record in Civil Case No. 5:14-CV-180; the 2014 suit dismissed by Judge Saldaña.
[10] *Compare* Civil Case No. 5:14-CV-180, Dkt. No. 1-5, *with* Dkt. No. 1-5.

defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992)). In the prior suit, Judge Saldaña addressed Plaintiff's claims to void the mortgage, for slander of title, and fraud. (Dkt. No. 7-4). Plaintiff's current suit re-raises the fraud claims and asserts a claim to quiet title. Although the prior dismissal order did not examine the claim to quiet title, the Fifth Circuit's order addressing Plaintiff's appeal did. In doing so, the Fifth Circuit specifically noted that Plaintiff's complaint failed to allege an element of a claim to quiet title. Ultimately, it is clear that both suits are based on the same operative facts.

V. CONCLUSION

Plaintiff's Motion to Show Authority and to Remand (Dkt No. 6) is **DENIED**, Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED.**

**SIGNED** October 25, 2016.

_____
Marina Garcia Marmolejo
United States District Judge